IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FARRAH GILOT,

          *Plaintiff,*

vs.

CVS,

          *Defendant.*

§
§
§
§
§
§
§
§
§
§
§

SA-26-CV-00473-JKP

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason K. Pulliam:**

This Report and Recommendation concerns the above-styled cause of action, which was referred to the undersigned for all pretrial proceedings, including an order on Plaintiff's motion to proceed *in forma pauperis* ("IFP") and a review of the pleadings pursuant to 28 U.S.C. § 1915(e). The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that this case be dismissed for want of prosecution and for failure to follow a court order.

### I. Background and Analysis

Plaintiff filed this case on January 1, 2026, in the Eastern District of New York, by filing a motion to proceed IFP and a proposed complaint. The New York court transferred the case to the San Antonio Division of the Western District of Texas on January 27, 2026. Thereafter, the undersigned granted Plaintiff's motion to proceed IFP but ordered Plaintiff to file a More Definite Statement to assist the Court in evaluating her Complaint under the standards set forth

in 28 U.S.C. § 1915(e).  Plaintiff's More Definite Statement was due by March 23, 2026.  To date, Plaintiff has not filed any supplemental pleading or the ordered More Definite Statement.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam); Fed. R. Civ. P. 41(b).  The Court warned Plaintiff that a failure to file a More Definite Statement could result in the dismissal of this case for failure to prosecute or comply with a Court order.  (Order [#10].)  In light of Plaintiff's failure to file the ordered More Definite Statement, the undersigned will recommend dismissal of this case for want of prosecution and failure to follow a court order pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II.  Conclusion and Recommendation

Having considered the record in this case and governing law, the undersigned recommends that this case be **DISMISSED** for want of prosecution and failure to follow a court order.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider

frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 7th day of April, 2026.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

3